IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

MARLON ELEAZAR MATUTE GOMEZ,      )
                                     )
        Petitioner,           )
                                     )
        v.                 )      1:26-cv-00650 (AJT/LRV)
                                     )
TODD BLANCHE,[1] *et al.*,        )
                                     )
        Respondents.     )

## ORDER

Before the Court is Marlon Eleazar Matute Gomez's ("Petitioner") Petition for Writ of Habeas Corpus, [Doc. No. 1] (the "Petition"), seeking release from Immigration and Customs Enforcement ("ICE") custody and arguing *inter alia* that (1) his detention violates 8 U.S.C. § 1231(a)(6) and his Fifth Amendment due process rights as interpreted by *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). [Pet.] ¶¶ 36-59. Upon consideration of the Petition, the memoranda in support thereof and in opposition thereto [Doc. Nos. 6, 7], and for the reasons stated herein, the Petition is **DENIED**.

## I.    BACKGROUND

Petitioner is a 43-year old native and citizen of Honduras who the parties agree has entered the United States without inspection via the U.S.-Mexico border at least twice: Petitioner alleges that he first entered in 2003, and then again in 2004 after he was removed ([Pet.] ¶ 8); Respondents have also submitted a declaration, which Petitioner does not dispute, that immigration officials

---

[1] Acting Attorney General Todd Blanche has automatically replaced his predecessor under Federal Rule of Civil Procedure 25(d).

1

encountered Petitioner near the southern border in May 2004 and removed him to Honduras on June 16 of that year.[2] [Doc. No. 6-1] ¶¶ 5-9. Petitioner alleges that he has remained in the United States for over twenty years since his latest re-entry, has a stable family life, and has no criminal record. [Pet.] ¶¶ 31-33. On August 15, 2025, Petitioner was arrested by immigration officials and transported to the Caroline Detention Facility in Bowling Green, Virginia, where he remains. *Id*. ¶ 29; [Doc. No. 6-1] ¶ 10. The day after his arrest, Petitioner was issued a Form I-871, Notice of Intent/Decision to Reinstate Prior Order. During reinstatement proceedings; he claimed a fear of returning to Honduras and was ultimately placed into withholding-only proceedings before an immigration Judge. [Doc. No. 6-1] ¶¶ 11-13. On January 26, 2026, the Immigration Judge denied Petitioner's application for withholding of removal and protection under the regulations implementing the Convention Against Torture, which ruling he appealed and is still pending before the Board of Immigration Appeals ("BIA"). *Id*. ¶¶ 14-16.

## II.    LEGAL STANDARD

"A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States.'" *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations omitted). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts and dispose of the matter as law and justice require." 28 U.S.C. § 2243. "[T]he heart of habeas corpus," the Supreme Court has noted, is to allow a detainee to "challeng[e] the fact or duration of his physical confinement," and to "seek[] immediate release or a speedier release from that confinement."

---

[2] It is unclear whether Petitioner was removed in 2003 (as he alleges), 2004 (as Respondents allege), or both; the parties' filings do not address this discrepancy, but in any event it does not have any impact on the outcome of his habeas proceeding.

*Preiswer v. Rodriguez*, 411 U.S. 475, 498 (1973).

8 U.S.C. §1231(a) requires the government to detain noncitizens during the "removal period," which is defined as the 90-day period during which "the Attorney General shall remove the alien from the United States." 8 U.S.C. §1231(a)(1)(A). That period commences upon one of three occasions: "(i) The date the order of removal becomes administratively final; (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; or (iii) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." 8 U.S.C. §1231(a)(1)(B). Detention after the end of the removal period is governed by 8 U.S.C. § 1231(a)(6), which states that inadmissible aliens "may be detained beyond the removal period and, if released, shall be subject to [certain] terms of supervision."

In *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), the Supreme Court held that detention pursuant to Section 1231 is subject to an implied reasonableness standard whereby more than six months of detention is presumptively unconstitutional and habeas relief is proper – so long as the petitioner "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." With respect to the absence of a significant likelihood of removal, a Petitioner must make a *prima facie* showing to that effect, which the Government may then rebut with sufficient evidence. *Id.*; *see also Menghua Wan v. Crawford*, No. 1:13-cv-1473 (JCC), 2014 WL 970180, at *3 (E.D. Va. Mar. 12, 2014).

### III.   DISCUSSION

The dispositive issue at this point is whether Petitioner is entitled to be released based on *Zadvydas,* as an alien subjected to unreasonably long detention without the reasonable likelihood

3

of removal.[3] In that regard, Federal Respondents do not dispute that Petitioner has been detained longer than the presumptively-reasonable six month period under *Zadvydas* but contend that he has failed to make the required *prima facie* showing that there is no significant likelihood of his removal in the foreseeable future.

Central to the parties' dispute is that unlike many successful *Zadvydas* petitioners recently before this Court, Petitioner has not obtained any form of immigration relief barring his removal to his native country, and his continued detention is not due to any practical difficulties in effectuating his removal, but rather solely due to the fact that his withholding-only proceedings remain pending before the Bureau of Immigration Appeals. [Doc. No. 6-1] ¶¶ 12-16.

The Fourth Circuit recently considered this exact issue, and concluded that "ongoing withholding-only proceedings alone are insufficient to demonstrate that removal is no longer reasonably foreseeable." *Castaneda v. Perry,* 95 F.4th 750, 758 (4th Cir. 2024); *see also Euceda,* 2017 WL 1534197, at *5 ("[I]f such [withholding proceeding-related] delays were sufficient to trigger *Zadvydas*, many if not most BIA matters would be subject to parallel proceedings in district courts, given the processing times associated with such proceedings"). Multiple other circuits have reached the same conclusion, *see G.P. v. Garland*, 103 F.4th 898, 902 (1st Cir. 2024); *see also Martinez v. Larose*, 968 F.3d 555, 565 (6th Cir. 2020), and Petitioner does not contend that any additional factual circumstances cast doubt on his removal in the foreseeable

---

[3] The Petition also argues that Petitioner's detention violates the Administrative Procedure Act ("APA"), that he is entitled to a stay of removal, and that the suspension clause does not bar him from obtaining habeas relief, and. [Pet.] ¶¶ 45-59. As Respondents contend and Petitioner does not dispute, the first two arguments reflect theories or relief that are not cognizable in a habeas proceeding. *See Rodriguez v. Bondi*, No. 1:25-CV-00791-AJT-WBP, 2025 WL 2490670, at *3 n.11 (E.D. Va. June 24, 2025). The third point is immaterial as *Zadvydas*, not the suspension clause, bars Petitioner's habeas relief.

4

future. Nor does he point to any legal authority that would justify departing from *Castaneda* under these facts (and this Court is not aware of any). Therefore, Petitioner's *Zadvydas* claim fails.

### IV.    CONCLUSION

As detailed above, Petitioner has been in detention for the purposes of removal pursuant to a final order of removal since August 15, 2025, a period of more than eight months and therefore for a period beyond the presumptively-reasonable six-month period established under *Zadvydas.* However, because his continued detention is due only to the pendency of his voluntarily-entered withholding-only proceedings, he has failed to make the required *prima facie* showing that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future and is not entitled to release under *Zadvydas.* The Court has jurisdiction under 28 U.S.C. § 2241 to address Petitioner's detention, and it is hereby

**ORDERED** that the Petition is **DENIED.**

The Clerk is directed to send copies of this Order to all counsel of record, and to terminate the case.

/s/

Anthony J. Trenga
Senior United States District Judge

Alexandria, Virginia
May 8, 2026

5